```
                                                      CLERK'S OFFICE U.S. DIST. COURT
                                                            AT ROANOKE, VA
                                                                 FILED
```

IN THE UNITED STATES DISTRICT COURT    APR 2 6 2006
FOR THE WESTERN DISTRICT OF VIRGINIA
JOHN F. CORCORAN, CLERK
ROANOKE DIVISION    BY: /s/
   DEPUTY CLERK

| | |
|---|---|
| TROY LEE KNUCKLES, JR., ) | |
|    Plaintiff, ) | Civil Action No. 7:06-CV-00243 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TAZEWELL COUNTY, et al., ) | By: Hon. Glen E. Conrad |
|    Defendants. ) | United States District Judge |

Troy Lee Knuckles, Jr., a Virginia inmate proceeding pro se, filed this action under the Civil Rights Act, 42 U.S.C. § 1983. Knuckles challenges the validity of his conviction in the Circuit Court for the County of Tazewell. Based on the nature of Knuckles's allegations, the court is of the opinion that his complaint is more appropriately construed as a petition for writ of habeas corpus. For the following reasons, the court will file the complaint as a habeas action under 28 U.S.C. § 2254 and dismiss it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[1]

## Background

Knuckles alleges that he was convicted of two counts of construction fraud on November 14, 2005. He was sentenced to a total term of imprisonment of one year and nine months. Knuckles indicates that he appealed his convictions to the Court of Appeals of Virginia on January 11, 2006. It appears that his direct appeal is still pending. In his present complaint, Knuckles argues that his attorney provided ineffective assistance, that he was wrongfully convicted, and that he should be released from confinement.

## Discussion

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

determine whether an action is properly filed as a civil rights complaint or as a habeas corpus petition requiring exhaustion of state remedies, a court must consider whether the "core" of the litigant's complaint concerns the fact or duration of the litigant's confinement and whether a claim for damages is ancillary to and dependent on a favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983). If the core of the complaint does concern the fact or length of confinement, the case must be filed as a habeas corpus proceeding. Todd, 712 F.2d at 73. In this case, Knuckles is clearly contesting the fact of his confinement. Therefore, Knuckles's exclusive cause of action is in habeas.

Once the complaint is construed as a petition for writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978). However, under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. Preiser, 411 U.S. at 477. If the petitioner has failed to exhaust state court remedies, the court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, the inmate can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654. Finally, he can

2

exhaust his remedies by filing a state <u>habeas</u> petition directly with the Supreme Court of Virginia. <u>Id.</u> Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. <u>See</u> <u>O'Sullivan</u>, 526 U.S. at 845. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994).

The petition in this case offers no indication whatsoever that Knuckles's claims have been presented to the Supreme Court of Virginia. Instead, it appears that Knuckles's direct appeal is still pending in the Court of Appeals of Virginia. Knuckles's failure to exhaust state remedies, as required by 28 U.S.C. § 2254(b), mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.[2]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This 26th day of April, 2006.

_____
United States District Judge

---

[2] Knuckles may refile his federal <u>habeas</u> petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three described routes. Knuckles is advised, however, that the time to file a state or federal <u>habeas</u> petition is now limited. <u>See</u> 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).